## STATE v. HARTMAN.

No. 4888.

Circuit Court, Dade County, Criminal Appeal.

December 30, 1959.

Loewenstein & Dunn, Miami, until October 30, 1959, thereafter Fowler, White, Gillen, Humkey & Trenam, Miami, for appellant.

Richard E. Gerstein, State Attorney, Eugene P. Spellman, Ass't. State Attorney, for appellee.

GRADY L. CRAWFORD, Circuit Judge.

This cause came on to be heard before me on December 30, 1959 on appellee's motion to quash the above-styled cause.

The only challenge made by appellant on this appeal is that the court erred in failing to direct a verdict at the close of the county's case on the ground that the county had failed to prove that the defendant was the driver of the motor vehicle in question. The record clearly establishes that after the denial of appellant's motion for directed verdict she subsequently took the stand and admitted that she was the driver of the motor vehicle.

In keeping with the universally accepted rule, this court holds that when a defendant in a criminal case puts on testimony after the motion for directed verdict is denied at the close of the state's case, that motion for directed verdict is abandoned and this court and the trial court has the right to consider all the evidence, including that of the defendant, to ascertain whether or not the evidence was sufficient to sustain the conviction. See T'Kach v. United States, 5 Cir., 242 Fed. 2d 937 and other cases cited in appellee's motion to quash.

In view of the above holding, it is considered, ordered and adjudged that the appellee's motion to quash be and the same is hereby granted and this appeal is hereby quashed.